Commonwealth ex rel. Young, Appellant, *v.* Myers.

Submitted December 11, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Peter F. Cianci,* First Assistant District Attorney, and *Frederick O. Brubaker,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., June 23, 1964:

This is an appeal from the refusal of the Court of Common Pleas of Berks County to grant a writ of habeas corpus to Austin Young, a prisoner in a state correctional institution who is serving a sentence imposed April 28, 1949, of from ten to twenty years on a burglary charge. Young had entered a plea of guilty. The petitioner alleges that he was not represented by counsel, but he does not allege that he requested counsel and his request was refused, nor does he allege that he was unable to obtain counsel for lack of funds or any other reason.

The court below properly refused the writ without hearing. The single fact averred by the petitioner, namely, that he was without the assistance of counsel at the time he pleaded guilty to the burglary charge, is insufficient by itself to require the granting of a

writ of habeas corpus. *Commonwealth ex rel. Goodfellow v. Rundle,* 203 Pa. Superior Ct. 419, 201 A. 2d 615 (1964).

Order affirmed.

Judges WATKINS, MONTGOMERY and FLOOD are of the opinion that the petitioner is not entitled to have the writ granted unless he establishes at a hearing that he was unable to obtain counsel because of indigency or because of some other reason, but they are of the opinion that it is not necessary for him to allege this in his petition and therefore would remand the case.